Bowen, J.
Article 10, section 2, of our present constitution, *113 provides that county officers shall be elected on the second Tuesday of October, until otherwise directed by law, by the qualified, electors of each county, in such manner and for such time, not exceeding three years, as may be provided by law.
The legislature is thus vested with the power to regulate the mannev of electing county officers and their terms of office. Tbeperiods when the duties of the office shall commence, and when they shall terminate, are the subject of statutory regulation. Vacancies which may occur in them are also left to be provided for by the legislature.
In fixing the time at which a county treasurer shall obtain control and enter upon the duties of his office, considerations of convenience to the public, as well as to the incumbent, have, doubtless,, influenced, to some extent, legislative action on the subject.
By existing laws the taxes are required to be paid to the treasurer between the first Monday of June and the 20th of December of each year. On the 15th of January annually he is required to-make settlement with the county auditor; and on the first Monday of February pay to the treasurer of state all of the moneys by him, received for state purposes, and at the stated meeting of the commissioners in June he must make a full settlement with them of all, of his receipts and disbursements during the past year. A balance-sheet between himself and the county is then made up, and a new' fiscal year commences. While an officer is in the actual performance of these various duties between the commencement and termination of the fiscal year, to put another in his place would be-attended with great inconvenience, and might produce mischief to-the public interest. *When death or other causes creates the necessity for the introduction of a new incumbent into the office,, the evils incident to the change, however great, must be borne. Provision might, doubtless, be made by law for supplying an unexpired term of the office, by election to a vacancy happening therein, and the inconveniences attending the change of incumbents, somewhat guarded against. If our present statute intended to confer that power we should expect to find in it some appropriate and necessary regulations, directed to that end. The absence of any such provision may be taken as evidence of a contrary intention on the part of the law-makers. It affords, to say the least of it, a satisfactory reason for not adopting the construction claimed by the relator in this case.
*114 The act of March 12, 1831, fixed the term of office of county •treasurers at two years from the first Monday of June next suc-cecding their election; and in case of a vacancy in the term, occasioned by death, or any other cause, the county commissioners were -required to meet forthwith, and'appoint a suitable person to •fill such vacancy, and the person so appointed, held his office until the expiration of the term for which his predecessor was elected.
This law was amended by an act passed May 1, 1854, and the section which thus regulated the treasurer’s term of office, was repealed.
The section now in force, provides that whenever the office of county treasurer shall become vacant by death, removal, resignation, neglect to give bond, or from any other cause, the county commissioners of the proper county, shall, forthwith, appoint some suitable person to fill such vacancy; and the person so appointed shall • • • hold his office until the next annual election, and until his successor shall be elected and qualified. Provided, that if such appointment shall not be made more than twenty days before the annual election next thereafter, then, in such ease, the treasurer so ■appointed, shall hold his office until the second annual election next after his appointment, and until his successor is duly elected and ■qualified.
It is claimed by the counsel for the relator that this amendatory *act is remedial of what was regarded as an evil under the old law, and supersedes, at the earliest day at which it can be done, the ■appointment of the commissioners by an election of the people. It is quite apparent that some essential changes in the practice which had before prevailed, were contemplated by the legislature in making this amendment. But docs it effect what the relator claims? If the appointment be made more than twenty days preceding the •second Tuesday of October, the person appointed holds the office until the annual October election, and till his successor is elected .and qualified. The successor here referred to, can mean no other than one who may be elected for the full term of two years. There is nothing said about supplying the vacant term by election, but the .appointee shall continue to serve in the office until the election, and until his successor can be qualified to take his place. This latter act, the law prescribes, can only be done on the first Monday of Juno. No one, under an election, can enter upon the duties of the ■office before that time, and then he is clothed with authority to re *115 main for two years, and must so serve, for that length of time, unless he resigns the post. _ In the view we take of the question, there •can not be a fractional term filled by an election. Whenever the people of the county, by their votes, given at the proper time, choose a treasurer, they thereby confer on him the office for the full term allowed by law.
Dillon was appointed more than twenty days before the October •election. It was, consequently, competent for the people to choose a successor to Adams, who had died. This was done, and that successor is authorized, by the terms of the statute, to qualify himself, by giving bond, etc., to take charge of the office on the first Monday of June, 1858. He will be entitled to remain in office for two years from that date. The election of the relator, for the unexpired term •of Adams, was a proceeding unauthorized by the law. We know of no statute which sanctions it. If twenty days between Dillon’s appointment and the October election had not intervened, there could have been no successor chosen until a subsequent annual election took place, which would have extended Dillon’s commission to the first Monday of June following such *subsequent election. In some cases this would give to the appointed treasurer nearly a full term of the office, while in other instances it would circumscribe the term to a shorter period than the law gives to the elected treasurer. But this can make no difference as to the construction of the statute, the obvious intent of which, we think, is that the appointee to a vacancy becomes treasurer de jure, till an election of another for the usual term prescribed by law, supersedes him in the office.
The county commissioners properly refused to accept the relator’s bond, or to recognize his right to the office of treasurer of that county.
The motion is overruled.
Bartley, C. J., and Swan, Brinkerhoee, and Scott, JJ., concurred.